# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Billy Trent,**
**Claimant Below, Petitioner**

**vs.)**   **No. 21-1047**   (BOR Appeal No. 2056940)
(Claim No. 2020013992)

**Coronado Group, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Billy Trent appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Coronado Group, LLC, filed a timely response.[1] The issue on appeal is compensability. The claims administrator rejected the claim for carpal tunnel syndrome on March 3, 2020. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its June 15, 2021, Order and held the claim compensable for bilateral carpal tunnel syndrome. The Order was reversed by the Board of Review on December 1, 2021, and the claims administrator's order rejecting the claim was reinstated. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Trent, a heavy equipment operator, alleges that he developed bilateral carpal tunnel syndrome in the course of and resulting from his employment. The employees' and physicians' report of injury, completed on November 18, 2019, indicates Mr. Trent's job required him to continuously operate heavy equipment. Neurological testing performed on November 14, 2019, showed right carpal tunnel syndrome with no evidence of radiculopathy. The physician's section was completed by Chris Tipton, P.A., who diagnosed right carpal tunnel syndrome. He opined that Mr. Trent had suffered a repetitive right wrist strain injury due to his work as a heavy equipment operator and recommended surgery.

On January 2, 2020, Rebecca Thaxton M. D., performed a physician review in which she opined that the evidence does not support a diagnosis of work-related right carpal tunnel syndrome. She stated that Mr. Trent's job duties were not the type to place him at an increased risk of carpal tunnel syndrome. On January 3, 2020, the claim was rejected.

---

[1]Petitioner, Billy Trent, is represented by Anne L. Wandling, and respondent, Coronado Group, LLC, is represented by Steven K. Wellman.

John Pierson, M.D., evaluated Mr. Trent on January 23, 2020, for bilateral carpal tunnel syndrome. He noted that Mr. Trent had several prior right hand injuries, including a recent surgery to repair fractures. Mr. Trent asserted that he had carpal tunnel syndrome symptoms in both hands prior to the non-work-related right hand injury. Dr. Pierson noted that an EMG showed moderate carpal tunnel syndrome symptoms in the right wrist but that Mr. Trent also had residual pain and scarring from prior surgeries. He deferred an opinion on the right hand to Mr. Trent's hand specialist. For the left hand, Dr. Pierson opined that Mr. Trent suffered from carpal tunnel syndrome and would possibly benefit from surgery. Mr. Trent was given information on quitting smoking and losing weight. Mr. Trent filed a second employees' and physicians' report of injury on February 24, 2020, this time alleging an injury to his left hand in the form of carpal tunnel syndrome. The physician's section was completed by Dr. Pierson. On February 17, 2020, Mr. Trent returned to Dr. Pierson and it was noted that Mr. Trent's EMG showed moderate carpal tunnel syndrome. Mr. Trent continued to have pain and numbness. Dr. Pierson diagnosed bilateral carpal tunnel syndrome as a result of an occupational injury.

Mr. Trent testified in a February 24, 2020, deposition that he last worked on November 4, 2019, the date he was laid off, and had worked nowhere else since that day. Mr. Trent testified that he worked for the employer for fourteen years prior to being laid off. His work duties involved using joy sticks to operate heavy equipment. He stated that the joy sticks vibrated and that they were all spring-loaded, so force was required to move them. He worked about ten hours a day, five or six days a week. Mr. Trent admitted that he injured his right hand outside of work in April of 2019 when he was in an altercation. He underwent surgery for fractures. He asserted that prior to that injury, he had already developed numbness, tingling, and weakness in both hands. Mr. Trent also previously underwent right shoulder surgery due to normal wear and tear. Mr. Trent testified that he had no medical conditions or hobbies which would cause him to develop carpal tunnel syndrome. Mr. Trent stated that he used to smoke cigarettes but stopped the habit. He also previously had surgery for kidney cancer, which is in remission.

The claims administrator rejected the claim on March 3, 2020. It stated that the two applications for benefits were combined into one claim for bilateral carpal tunnel syndrome because the exact same mechanism of injury, operating heavy equipment, was alleged. It also stated that the claim was rejected because it was filed within a few days of Mr. Trent being laid off, Mr. Trent's job duties were not the type known to cause carpal tunnel syndrome, Mr. Trent had a prior right wrist injury, and Mr. Trent had personal risk factors for carpal tunnel syndrome in the form of obesity and prior kidney disease.

On October 13, 2020, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he noted that Mr. Trent had a long history of right wrist and hand injuries. He was treated by Luis E. Bolano, M.D., on September 30, 2010. Dr. Bolano documented a 1994 right wrist injury and stated that Mr. Trent had pain since that injury. Mr. Trent was placed in a cast for the 1994 injury and then was again placed in a cast five more times until 2001. Dr. Mukkamala stated that Mr. Trent underwent right wrist x-rays ordered by Mr. Tipton on June 26, 2016, for a chronic scaphoid fracture. On May 10, 2017, Mr. Trent saw Dr. Bolano for right hand pain and swelling after punching a wall. Dr. Mukkamala further noted that Mr. Trent underwent right wrist

surgery on April 11, 2019, to repair fractures from a non-work-related altercation injury. On July 17, 2019, Mr. Trent underwent a second surgery to remove deep hardware.

After reviewing Mr. Trent's job description and watching a video depicting Mr. Trent's job duties, Dr. Mukkamala diagnosed bilateral carpal tunnel syndrome but opined that the condition was not the result of Mr. Trent's work activities. He opined that Mr. Trent's job duties did not involve the kind of high degree, repetitive, high degree of force expected to cause carpal tunnel syndrome. Dr. Mukkamala found one personal risk factor for carpal tunnel syndrome in the form of obesity.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for bilateral carpal tunnel syndrome in its June 15, 2021, order. It found that the evidence clearly shows Mr. Trent suffers from carpal tunnel syndrome as noted by several physicians and an EMG. The Office of Judges found that Drs. Thaxton and Mukkamala both opined that Mr. Trent's work duties were not the type known to cause carpal tunnel syndrome. The Office of Judges concluded, however, that Mr. Trent's testimony regarding his occupational duties was credible and persuasive. Mr. Trent stated that he spent ten hours a day, five or six days a week, operating heavy equipment. He asserted that the operation used vibrating joysticks and required repetitive movements. He performed these duties for fourteen years. The Office of Judges noted that Mr. Trent filed his claim shortly after being laid off; however, Mr. Trent testified that he filed after being informed that an EMG study showed carpal tunnel syndrome. The Office of Judges held the claim compensable for carpal tunnel syndrome.

The Board of Review reversed the Office of Judges' order and reinstated the claims administrator's rejection of the claim in its December 1, 2021, decision. It found that the West Virginia Supreme Court of Appeals had addressed similar claims in the past. In *Halley v. Alpha Natural Resources, Inc.*, No. 18-0405 (W. Va. Nov. 2, 2018) (memorandum decision) the claimant operated a rock loader and excavator and the Court determined that the job duties did not involve the type of high risk activities known to cause carpal tunnel syndrome. In *Bolen v. Amfire, LLC*, No. 17-0958 (W. Va. Mar. 21, 2018) (memorandum decision), the claimant used a remote control to operate a continuous miner. The Court again found that the job duties were not the type to cause carpal tunnel syndrome. Finally, in *Barker v. A. T. Massey Coal Company, Inc.*, No. 11-1392 (W. Va. Oct. 24, 2013) (memorandum decision), the claimant operated a surface drill, and the Court found that the work duties did not involve the sufficiently awkward wrist positioning, grip force, or high force repetitive motions known to cause carpal tunnel syndrome. In the current claim, the Board of Review concluded that Mr. Trent's duties do not fall into the high risk categories known to cause carpal tunnel syndrome. Further, Mr. Trent has a personal risk factor for carpal tunnel syndrome.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior order of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor

3

of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code §§ 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Board of Review. Pursuant to West Virginia Code § 23-4-1, employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). West Virginia Code of State Rules § 85-20-41.5 states that "[o]ccupational groups at higher risk for CTS have included grinders, butchers, grocery store workers, frozen food factory workers, manufacturing workers, dental hygienists, platers, and workers with high force, high repetitive manual movement." Mr. Trent operated heavy equipment using joysticks. As found by Drs. Thaxton and Mukkamala, the evidence in this case fails to show that Mr. Trent's work duties satisfy these requirements.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**
Justice William R. Wooton

WOOTON, J., dissenting:

I respectfully dissent to the majority's affirmance of the Board of Review's compensability denial of petitioner's carpal tunnel syndrome. The Board of Review overturned the Office of Judges' compensability determination solely because this Court has rejected carpal tunnel claims in other cases involving entirely different equipment and job duties. The majority affirms that specious reasoning simply by citing examples of the types of jobs noted in West Virginia Code of State Rules § 85-20-41.5 that are found to be at higher risk for causing carpal tunnel syndrome and noting that petitioner's is not one of them.

However, it is clear that the regulation does not identify the entire universe of jobs which may cause carpal tunnel syndrome, nor does it purport to do so. In addition to the specific jobs identified in the regulation, it also broadly describes jobs which require "high force, high repetitive

4

manual movement." *Id*. Moreover, the cases upon which the Board of Review relied to overturn compensability are significantly different than petitioner's case. In *Halley v. Alpha Nat. Res., Inc*., No. 18-0405, 2018 WL 5779040, at *2 (W. Va. Nov. 2, 2018) (memorandum decision), the claimant employee did not indicate the frequency of use of the loader at issue and the employer's description of his work duties differed significantly from the claimant's description. In *Bolen v. Amfire, LLC*, No. 17-0958, 2018 WL 1410913, at *1 (W. Va. Mar. 21, 2018) (memorandum decision), the claimant employee's work duties were found to be "repetitive but not forceful[.]" Finally, in *Barker v. A.T. Massey Coal Co*., No. 11-1392, 2013 WL 5777794, at *1 (W. Va. Oct. 24, 2013) (memorandum decision), the claimant employee was "not required to use any vibratory hand tools and rarely used full grip strength."

In contrast, petitioner's case does not suffer from *any* of these same deficits. The undisputed evidence in this case shows that petitioner repetitively used vibrating, spring-loaded joysticks for ten hours a day, five to six days a week for fourteen years. His description of the force required to utilize the joysticks and the frequency of use was undisputed by his employer. Therefore, the Board of Review had no factual or legal basis upon which to conclude that the Office of Judges' compensability determination was "clearly wrong," nor has the majority identified any plausible basis upon which to affirm that conclusion.

Accordingly, I respectfully dissent.